UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHRISTOPHER A. JOHNSON,    )
Plaintiff,    )
    )    Case No. 1:11-cv-315
v.    )
    )    Chief Judge Curtis L. Collier
STATE OF TENNESSEE,    )
 *et al.*,    )
Defendants.    )

## MEMORANDUM & JUDGMENT ORDER

Before the Court is a motion to dismiss filed by the State of Tennessee, Tennessee Governor

Bill Haslam, the Tennessee Bureau of Investigation, and numerous other defendants (Court File No.

19), to which *pro se* Plaintiff Christopher Johnson ("Plaintiff") responded in opposition (Court File

No. 22). For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss

(Court File No. 19) and **DISMISSES** the case.


## I.    BACKGROUND

On October 26, 2011, Plaintiff filed a complaint against the Tennessee Bureau of

Investigation and numerous other Defendants (Court File No. 2).[1] On November 2, 2011, Plaintiff

filed another complaint, naming all the same Defendants, and adding Tennessee Governor Bill

Haslam. The Court consolidated the two cases, with the current case as the lead case (Court File No.

5).

In his complaint, Plaintiff alleges violations of his rights under the Due Process Clause,

---

[1] This first complaint was filed as Case No. 1:11-cv-305.

Equal Protection Clause, and Ex Post Facto Clause of the United States Constitution. He sues the State of Tennessee, the Tennessee Bureau of Investigation, Tennessee Governor Bill Haslam,[2] Mark Gwyn, Director of the Tennessee Board of Investigation, Charles Traughber, Chairman of the Tennessee Board of Probation and Parole ("Parole Board"), Patricia Merritt, Executive Director of the Parole Board, Gail Reed, District Director of the Parole Board, and Elizabeth Hammond and Demetria Ware, both probation officers with the Parole Board. In substance, the Plaintiff alleges Defendants violated his constitutional rights by requiring him to register as a sex offender pursuant to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("Sex Offender Law"). Tenn. Code. Ann. §§ 40-39-201 *et seq.* The complaint offers a number of theories in support of its allegation: 1) Plaintiff was not convicted of a "listed" offense; 2) registration was not part of Plaintiff's plea agreement and he was only charged with a property offense in February 2011; 3) the offense for which Plaintiff was required to register is twenty-eight years old and has therefore "expired"; 4) Plaintiff had previously been removed from the sex offender registry; and 5) various other grounds.

Plaintiff brings his constitutional challenge to Defendants' actions under 42 U.S.C. § 1983. He seeks $1,000,000 in punitive damages, $1,000,000 in compensatory damages, and $1,000,000 in monetary damages from each Defendant. Additionally, he moves for "preliminary injunctive relief" removing him from the sex offender registry and mental health treatment,[3] and the "permanent injunctive relief" of not having the Sex Offender Law applied to him.

---

[2] Plaintiff sues each individual listed both individually and in his or her official capacity.

[3] The complaint describes how Plaintiff has been required to undergo mental health treatment as part of his placement on the sex offender registry.

2

## II.    STANDARD OF REVIEW

### A.    *Pro Se* Pleading Standard

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (citation omitted). *Pro se* plaintiffs must still comply with Rule 8 of the Federal Rules of Civil Procedure which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Delorean Motor*, 991 F.2d at 1240 (citations omitted).

### B.    Failure to State a Claim

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all

3

well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 In other words, "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. ANALYSIS

### A. Introduction

From Plaintiff's complaint and his subsequent filings, it is apparent he has no legal training or experience. This lack of familiarity works to his disadvantage in attempting to maintain his case in federal court where federal procedural and substantive rules and laws require knowledge and familiarity with federal practice. While the Court is sympathetic to his claim and his efforts to surmount Defendant's dispositive motion, in the final analysis his lack of legal knowledge is fatal.

The Court now explains why his case may not go forward.

### B. Motion to Dismiss

#### 1. Claims Against State of Tennessee, Tennessee Bureau of Investigation,

4

**and the Tennessee Board of Probation and Parole**

As interpreted, the Eleventh Amendment bars claims brought by a citizen against his own state. *Hans v. Louisana*, 134 U.S. 1 (1890). The creation of a cause of action for a violation of civil rights in 42 U.S.C. § 1983 did not unsettle the immunity provided for in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (noting the Eleventh Amendment bars suits against states unless the state has waived, or Congress has overridden, the state's sovereign immunity, and that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"). This immunity guards against both monetary and injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[Eleventh Amendment] jurisdictional bar applies regardless of the nature of the relief sought.")

Here, Tennessee has not waived its state sovereign immunity and Congress has not acted under § 5 of the Fourteenth Amendment to override Tennessee's immunity. Accordingly, all claims against the State of Tennessee, the Tennessee Bureau of Investigation, and the Tennessee Board of Probation and Parole must be dismissed.[4]

### 2. Defendants Haslam, Gwyn, Traughber, Merritt, Reed, Hammond, and Ware in Their Official Capacities

Plaintiff has sued all Defendants in their individual and official capacities. A suit against a state officer acting in his or her official capacity is akin to a suit against the state itself. *Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Here, all personal Defendants are employees of the state. *See* Tenn. Code Ann. § 8-42-101(3)(A) (defining state employee).

---

[4] These claims must also be dismissed because a state or entity of the state is not a "person" within the meaning of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

5

Tennessee's state sovereign immunity under the Eleventh Amendment bars Plaintiff's claims for damages. *Ford Motor Co. v. Dep't of the Treasury of State of Indiana*, 323 U.S. 459, 464 (1945), *overruled on other grounds*, *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."). Thus, the Eleventh Amendment bars all claims for money damages against all Defendants in their official capacity.

Plaintiff also seeks injunctive relief against the various state officer Defendants in their official capacity. Claims for injunctive relief against state officers are, unlike money damages claims, permissible under the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123 (1908). To survive a motion to dismiss, however, Plaintiff's complaint must state a claim to relief that is plausible on its face, *Iqbal*, 556 U.S. at 678, which includes some allegation of "a causal connection between the misconduct complained of and the official sued," *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Additionally, the complaint must provide not bare legal conclusions, but factual assertions tying the misconduct to the defendants sued. *See Papasan*, 478 U.S. at 286.

Plaintiff's complaint for injunctive relief against the personal Defendants thus falls short on at least two grounds. First, the complaint does not allege any specific role each individual Defendant played. Other than listing all Defendants at the beginning of the complaint, Plaintiff does not allege, or indeed explain at all, how these Defendants have violated his constitutional rights. Thus, the complaint demonstrates no "casual connection" between the alleged violations and the officials sued. *Dunn*, 697 F.2d at 128. Second, Plaintiff's complaint contains a number of legal conclusions regarding the violation of his constitutional rights, but in essence no factual support for

6

these conclusions. Legal conclusions masquerading as factual assertions are always insufficient to survive a 12(b)(6) motion, especially in civil rights cases. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("[I]n the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983.") (citation omitted). Therefore, Plaintiff's claims for injunctive relief against all personal Defendants in their official capacity must be dismissed.[5]

### 3. Defendants Haslam, Gwyn, Traughber, Merritt, Reed, Hammond, and Ware in Their Individual Capacities

In addition to suing all personal Defendants in their official capacities, Plaintiff seeks relief against them in their individual capacities. Although no Eleventh Amendment immunity precludes these claims, the requirement to set forth specific facts showing he is entitled to relief still applies. *Iqbal*, 556 U.S. at 478 (complaint must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even construing Plaintiff's complaint more broadly in light of his *pro se* status, however, the Court cannot surmise from his complaint any factual content demonstrating either Plaintiff has suffered a constitutional wrong or Defendants are liable for any alleged misconduct. As noted above, Plaintiff's complaint repeatedly claims Defendants have violated his constitutional rights under the Due Process Clause,

---

[5] Although Plaintiff does not invoke *respondeat superior* as a basis for liability for those Defendants serving in supervisory positions, his complaint could nonetheless not succeed on this basis. Generally, *respondeat superior* does not create *per se* liability for supervisors in § 1983 claims. *Rizzo v. Goode*, 423 U.S. 362, 374 (1976). *Respondeat superior* liability can apply where a plaintiff shows the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it," or, at a minimum, "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate," *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Simply put, Plaintiff made no such allegations in his complaint. Accordingly, his § 1983 claims cannot rest on a *respondeat superior* theory.

Equal Protection Clause, and the Ex Post Facto Clause of the Constitution. These conclusions, however, are not buttressed by factual allegations, and a court cannot "accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Accordingly, all claims against personal Defendants in their individual capacity must be dismissed.


III.    **CONCLUSION**

Because Plaintiff's complaint fails to state a ground upon which relief can be granted, the Court **GRANTS** Defendants' motion to dismiss all claims under Fed. R. Civ. P. 12(b)(6) (Court File No. 19). As no further matters remain for adjudication, the Court **DIRECTS** the Clerk of Court to **CLOSE** the case.

**SO ORDERED.**

**ENTER:**


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**


ENTERED AS A JUDGMENT
    s/ Debra C. Poplin
    CLERK OF COURT